IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KAREEM MATTHEWS | ) | |
| Petitioner | ) | |
| v. | ) | CR 02-026T |
| | ) | CV-05-52T |
| UNITED STATES OF AMERICA | ) | |
| Respondent | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

I. PROCEDURAL HISTORY

On September 18, 2001, Providence Police responded to 110 Harriet Street in Providence, Rhode Island, due to complaints of drug activity, public drinking and loitering. When an officer asked the defendant to show his hands the defendant ran into the building instead. Police followed the defendant into the hallway and saw Matthews throw a small chrome plated hand gun down the stairs. The defendant then turned towards the officer and stated, "you got me" and handed the officer an orange Wise popcorn bag. Matthews was arrested and the firearm was seized from the stairs. Inside the popcorn bag were ten small bags of marijuana. The firearm was loaded; 5 rounds in the magazine and one in the chamber.

On February 13, 2002, the grand jury indicted defendant, Kareem Matthews, on one Count of Felon in Possession, in violation of 18 U.S.C. §922(g). On April 5, 2002, the Defendant pled guilty to the Indictment before Chief Judge Ernest C. Torres. On March 28, 2003, the defendant was sentenced by this Court and on April 14, 2003 final judgment was entered.



6

## II. ARGUMENT

### A. The Defendant Failed To File A Timely Appeal And Thus His Claims Are Barred.

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), except in four circumstances, the AEDPA requires a § 2255 petitioner to file his petition within one year of the date on which his conviction became final. As the Seventh Circuit has noted, prior to the AEDPA, "a prisoner could seek post conviction relief at almost any time." United States v. Marcello, 212 F.3d 1005, 1008 (7th Cir.), cert. denied, 531 U.S. 878 (2000); accord Wims v. United States, 225 F.3d 186, 189 (2d Cir. 2000). The only recourse for the government was to argue that the petition should be dismissed "on account of unreasonable and prejudicial delay under Rule 9(a) of the Rules Governing Section 2255 Proceedings." Rogers v. United States, 180 F.3d 349, 355 n.14 (1st Cir. 1999), cert. denied, 528 U.S. 1126 (2000); accord Goodman v. United States, 151 F.3d 1335, 1337 n.4 (11th Cir. 1998). Under the AEDPA, if a petitioner is even one day late, and no exceptions apply, he is simply out of luck. United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir.), cert. denied, 531 U.S. 878 (2000) ("Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere [and] statutes of limitation protect important societal interests").

With the passage of the AEDPA in 1996, § 2255 was amended to provide in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the

> United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (emphasis added).

In other words, the general rule is that the petitioner must file his petition within one year of the date on which his judgment of conviction becomes final, unless: (1) the government unlawfully creates an impediment to filing the petition and this impediment causes the petitioner to miss the deadline (in which case the petitioner gets one year from the date on which that impediment was removed); (2) the Supreme Court creates a new right and that new right is made retroactively applicable to cases on collateral review; or (3) the petitioner, exercising due diligence, could not have discovered the key facts supporting his claim until a certain date (in which case the petitioner gets one year from that date). A fourth, judicially-created, exception, in which most courts recognize that there may be extreme circumstances in which the one-year limitations period should be "equitably tolled" also exists. The D.C. and First Circuits, however, have so far reserved the question. Trenkler v. United States, 268 F.3d 16, 24-25 (1st Cir. 2001); United States v. Saro, 252 F.3d 449, 453-54 (D.C. Cir. 2001), cert. denied, 122 S. Ct. 1111 (2002); United States v. Cicero, 214 F.3d 199, 200, 202-03 (D.C. Cir. 2000). The Seventh Circuit has noted that although the doctrine is available in theory, it appears that there is little room for its application in the habeas context given that Congress itself has delineated three specific circumstances in which the otherwise applicable one-year limitations period will be

extended. Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999) (Posner, J.); accord Montenegro v. United States, 248 F.3d 585, 594 (7th Cir. 2001), partially overruled on other grounds by Ashley v. United States, 266 F.3d 671 (7th Cir. 2001).

While new substantive rules generally apply retroactively, new procedural rules do not. Most Circuits that have addressed the issue have held that Blakely was new rule of criminal procedure that was not subject to retroactive application on collateral review. U.S. v. Price, 2005 WL 535361 (10th Cir. 2005); Bey v. U.S., --- F.3d ---- (10th Cir. 2005)(Booker did not announce a new rule of constitutional law, and Supreme Court did not expressly provide that rule would be retroactively applicable to cases on collateral review. 28 U.S.C.A. § 2255); Humphress v. U.S., 398 F.3d 855, (6th Cir. 2005), citing U.S.C.A. Const.Amend. 6; 28 U.S.C.A. § 2255 (Booker decision, under which Sixth Amendment generally requires jury determination or admission in guilty plea of facts used to support a sentence, is not a watershed rule of criminal procedure implicating fundamental fairness and accuracy, for purposes of Teague rule permitting retroactive application of such rules to decisions already final on direct review); Varela v. U.S., 2005 WL 367095 (11th Cir. 2005), citing 28 U.S.C.A. § 2255 (Supreme Court's Booker decision, holding that application of Federal Sentencing Guidelines was not mandatory, was not retroactively applicable to case on collateral review.); McReynolds v. U.S., 397 F.3d 479 (7th Cir. 2005)(Although the Supreme Court did not address the retroactivity question in Booker, its decision in Schriro v. Summerlin, --- U.S. ----, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), is all but conclusive on the point. Summerlin held that Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002)--which, like Booker, applied Apprendi 's principles to a particular subject--is not retroactive on collateral review); In re Anderson, 396 F.3d 1336 (11th Cir. 2005); U.S.C.A.

Const.Amend. 6; 28 U.S.C.A. § 2255 (Booker rule that federal Sentencing Guidelines were subject to jury trial requirements of Sixth Amendment, and thus that Guidelines could not be mandatory, could not be applied retroactively on collateral review to support grant of authorization to file successive post conviction relief motion.). Prior to Summerlin, the First Circuit reached a similar conclusion in holding that Apprendi itself is not retroactively applicable under Teague: "In sum, 'a decision . . . by a judge (on the preponderance standard) rather than a jury (on the reasonable-doubt standard) is not the sort of error that necessarily undermines the fairness . . . of judicial proceedings.'" Sepulveda v. United States, 330 F.3d 55, 61 (1st Cir. 2003).

The defendant has not advanced any arguments that would fit within the four exceptions. The majority rule is that, in a case where the petitioner never took a direct appeal, the conviction "becomes final" ten days after the date when the district court enters the judgment of conviction on the docket sheet, meaning that the petitioner gets the benefit of the ten-day period in which he could have filed a notice of appeal under Fed. R. App. 4(b). United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001); Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999); Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999); United States v. Tush, 151 F. Supp.2d 1246, 1248 (D. Kansas 2001), aff'd, 287 F.3d 1294 (10th Cir. 2002). Therefore, using the most liberal method of computation, the defendant was required to file his petition under 18 U.S.C. §2255, by April 24, 2004, a year and ten days after final judgment entered in his case. The defendant did not even sign his petition until February 8, 2005, well outside the deadline imposed by the AEDPA. Thus, the petitioner's motion must be dismissed.

**B. Even If The Petitioner's Claims Were Not Barred, The Defendant's Attorney Failure To File An Appeal Does Not Entitle The Petitioner To Relief.**

In order to sustain a claim of ineffective assistance of counsel, a Defendant must show that 1) his attorney's performance fell below an objective standard of reasonable effectiveness, and 2) he was prejudiced as a result of his attorney's deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984); Lema v. United States, 987 F.2d 48, 52 (1st Cir. 1993). Matthew's argument fails on both counts. To meet this burden, Matthews must establish that a counsel's performance was not within the wide range of reasonable professional assistance. Singleton v. United States, 26 F.3d 233, 238 (1st Cir. 1994), cert. denied, 115 S.Ct. 517 (1994). In determining whether counsel's performance fell below the relevant benchmark, "[j]udicial scrutiny of counsel's performance must be highly deferential", and "every effort [should] be made to eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. The court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance;" Matthews "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (other citations and internal quotations omitted).

C. **Matthews Suffered No Prejudice Due To No Appeal Having Been Filed.**

Under Strickland, a technical violation which does not result in actual prejudice to the defendant is insufficient grounds to support an ineffective assistance claim. At sentencing, the defendant filed a motion for downward departure, claiming that the 4 level increase under the guidelines based upon carrying a firearm while dealing drugs should be dependent on the type of drug. This claim was argued by the parties, and both considered this Court and ruled upon at the

sentencing hearing. Contrary to the defendant's current claims, the basis of the defendant's motion was not a "Blakely" argument that the government had the burden of proving beyond a reasonable doubt that the defendant possessed marijuana. The defendant did not raise such a claim at the time of sentencing nor can he raise it at this time. The defendant bears the burden of proving that he was prejudiced by a failure to file an appeal. The defendant has failed to do so and his current motion should be denied.

## III. CONCLUSION

For the aforementioned reasons, Matthew's petition for relief pursuant to §2255 relief should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT C. CORRENTE
United States Attorney

MARY E. ROGERS
Assistant U.S. Attorney

CERTIFICATION OF SERVICE

I hereby certify that on this 21st day of March, 2005, I served by first class mail, postage prepaid, a copy of the within Government's Response to Petitioner's Motion to Vacate, to the following:

Kareem Matthews
Registration #05129-070
F.C.I. Otisville
P.O. Box 1000
Otisville, NY 10963

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KAREEM MATTHEWS
Petitioner

Vs. CASE NO.: CR-02-026-T
CA-05-52-T

UNITED STATES OF AMERICA
Respondent,
_______________________________/

**PETITIONER'S MOTION IN TRAVERSE TO GOVERNMENT'S RESPONSE TO POST CONVICTION MOTION**

---

**COMES NOW,** Petitioner and acting in a Pro-se status, motions this Honorable Court in Traverse to the Government's response to his Post Conviction Motion. He states the following in support of this motion.

In the Government's response, they take the position that Petitioner is time barred from filing his Post Conviction, because Petitioner did not file within the required one year time limitation of § 2255. However, there are a few factors that this Honorable Court should be aware of. Directly after sentencing Petitioner had directed trial counsel to file a notice of appeal on his behalf. During the time frame in question, Petitioner was under the impression that trial counsel had filed an appeal. Furthermore, Petitioner had written this Honorable Court on two occasions, and this Honorable Court didn't inform Petitioner of his right to file a § 2255. Nonetheless, on Petitioner's last inquiry to the Honorable Court, the Honorable Court responded by directing Petitioner to file a § 2255. Not only did the Honorable Court render such direction, it provided

Petitioner with the proper required forms to file such a pleading. At no given time did any one informed Petitioner that an appeal was filed or had directed Petitioner to file a § 2255. It was trial counsel's responsibility to inform Petitioner of his right to an Appeal. Petitioner had directed trial counsel to file such an appeal, at least that was the last understanding Petitioner had with trial counsel.

A defendant convicted of a crime in a United States District Court has a statutory right to appeal his conviction, see **Coppedge v. United States**, 369 U.S. 438, 441, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962) and 28 U.S.C. § 1291. Furthermore, the due process clause of the United States Constitution guarantees a criminal defendant the right to effective assistance of counsel on appeal, see **Evitts v. Lucey,** 469 U.S. 387, 396, 105 S. Ct. 830, 836, 83 L. Ed. 2d 821 (1985). An attorney's negligent failure to perfect an appeal constitutes ineffective assistance of counsel, see **William v. Lockhart,** 849 F. 2d 1134, 1137 (8th Cir. 1988). When an attorney fails to file an appeal on behalf of a criminal defendant, a District Court on a § 2255 proceeding can remedy the lost of the right by grant a Petitioner his appellate rights anew.

As the First Circuit Court of Appeals has stated: "[F]ailure of counsel to prosecute and appeal... in the absence of waiver by the defendant or compliance of counsel with **Anders v. California**, 386 U.S. 738, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967)... is a per se deprivation of the right to counsel." Id at 466 (quoting **Wilbur v. Maine,** 421 F. 2d 1327, 1329 (1st. Cir. 1970)). See also **United State v. Alzate,** 833 F. Supp. 90.

Petitioner assert that he is entitled to an appeal as a matter of right, see **Bonneau v. United States**, 961 F. 2d 17 (1st. Cir. 1992) (defendant who loses his right to direct appeal through dereliction of counsel in entitled to new appeal without showing a meritorious appellate issue.). The Government in their response assert that Petitioner cannot show any prejudice because he cannot demonstrate an appellate issue with merit. However, it is the law of this Circuit that such showing is not needed, as quoted above.

In **Strickland v. Washington,** 466 U.S. 668 (1984), the Supreme Court stated that the "[a]ctual or constructive denial of assistance of counsel altogether is legally presumed to result in prejudice." Because the fundamental importance of the assistance of counsel does not cease as the prosecutorial process moves from the trial to appellate stage, see **Strickland,** at 466 U.S. 692, the presumption of prejudice must extend as well to the denial of counsel on appeal.

In the Second Circuit Court of Appeals, see **Jones v. Barnes,** 665 F. 2d 427 (1981), the court stated, laying down a new standard, the majority held that when the appellant requests that his attorney raise additional colorable points on appeal, counsel must argue the additional points to the full extent of his professional ability. Id. at 433. In the view of the majority, this conclusion followed from **Anders v. California,** 386 U.S. 73, 18 L. Ed. 2d 493 (1967). In **Anders,** the Supreme Court held that an appointed attorney must advocate his client's cause vigorously and may not withdrew from nonfrivolous appeal.

It is Petitioner's assertion that trial counsel should have filed an appeal as directed by Petitioner. Since Petitioner's sentencing, he was under the impression that trial counsel had done so, i.e. filed an appeal. However, Petitioner assumed that such appeal was denied, because no action was ever taken since his sentencing. Nor did trial counsel ever informed Petitioner as to the status of his case. Furthermore, when Petitioner corresponded with the Honorable Court, he never knew that he had to file § 2255 to obtain his appeal rights back. Petitioner, and respectfully, requests this Honorable Court to consider all factors in determining whether or not to grant Petitioner Post Conviction relief. He never knew the status of his direct appeal, he was informed of the fact that no appeal was to be taken, his trial counsel had a professional responsibility to inform Petitioner of the latter. Without such information, Petitioner was deprived his right to file an appeal, and to even make an informed decision to timely file a § 2255.

**CONCLUSION**

**WHEREFORE,** Petitioner hopes and prays that this Honorable Court will consider his claims as fair as justice can. Furthermore, Petitioner has asserted a Sixth Amendment claim, pertaining to the United States Supreme Court's holding in **United States v. Booker,** 543 U.S. ___, 160 L. Ed. 2d 621, 125 S. Ct. ___ (2005). It is Petitioner's assertion that this Honorable Court should hold it's decision, on Petitioner's claim, until the United States Supreme Court renders an opinion in **Dodd v. United States**, U.S., No. 04-5286. In **Dodd,** the Supreme Court is

considering the operations of § 2255, in the context of a newly asserted right that was recognized by the Supreme Court. Accordingly, **Dodd** is claiming that a Petitioner shall have one year from the date in which the newly asserted right was made retroactive by a court. However, the Government is asserting that a Petitioner shall have one year from the date in which the newly asserted right was recognized by the Supreme Court. If the Government's assertion prevails in the Supreme Court, then Petitioner's § 2255 is timely filed, because he did so within one year of the Supreme Court's decision in **Booker, supra.**

Respectfully submitted

Kareem Matthews, Pro-se
Reg. #05129-070
F.C.I. Otisville
P.O. Box 1000
Otisville
New York 10963

**CERTIFICATE OF SERVICE**

I **HEREBY,** certify that a true and correct copy of the foregoing was mailed to Mary E. Rogers, assistant United States Attorney, 203 Federal Courthouse, 1 Exchange Terrace, Providence, RI 02903, by paid First Class United States Postage Stamp, on this 30th, day of March, 2005.

Respectfully submitted

Kareem Matthews, Pro-se