UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KAREEM MATTHEWS<br><br>v.<br><br>UNITED STATES OF AMERICA | C.A. No. 05-052-T |

**MEMORANDUM AND ORDER**

ERNEST C. TORRES, Senior United States District Judge

Kareem Matthews has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 ("motion to vacate"). For the reasons stated below, the motion is denied.

**Background**

On September 18, 2001, Matthews was arrested by Providence police and found to be in possession of a handgun and ten bags of marijuana. On April 5, 2002, Matthews pled guilty to a charge of possessing a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g).

The Presentence Investigation Report ("PSR") calculated his Guideline range as 77 to 96 months, based on a net offense level of 21 and a criminal history category of VI. The net offense level included a four-level upward adjustment, pursuant to U.S.S.G. §2K2.1(b)(5), to reflect the fact that Matthews also possessed drugs. (PSR at ¶ 16.) Matthews lodged no objections to the PSR, but this Court continued the sentencing hearing in order to permit defense counsel to file a motion for a downward departure based on the fact that the drugs were marijuana, not heroin or cocaine.

When the sentencing hearing resumed, on March 23, 2003, this Court denied the downward departure motion and sentenced Matthews to 77 months, based, in part, on the government's recommendation, pursuant to a plea agreement, that Matthews receive the minimum sentence under the Guidelines. (See Transcript of Sentencing Hearing conducted on March 28, 2003 ["Sent Tr."] at 13-14.) The Court informed Matthews that because he had pled guilty, and, in accordance with the terms of his plea agreement, had received the minimum sentence in his Guideline range, the Court did not believe that there was any issue that Matthews could raise on appeal. Nevertheless, the Court told Matthews that he could discuss the matter with his counsel and, if he thought that there was a basis for appeal, Matthews could decide whether to file a notice of appeal. (Id. at 15-16.)

A judgment of conviction was entered on April 14, 2003 and, since Matthews did not appeal, his conviction became final on or about April 28, 2003.

On February 10, 2005 Matthews filed his § 2255 motion in which he makes two claims: (1) that his attorney rendered ineffective assistance by failing to file a direct appeal on his behalf; and (2) that his Sixth Amendment rights were violated because the facts on which his four-level sentencing enhancement were based were neither admitted nor found by a jury.

At the Court's direction, Matthews filed an affidavit reciting

the factual allegations underlying his ineffective assistance claim. The affidavit avers that Matthews talked with his attorney about the possibility of an appeal and that he was told "to wait until [the attorney] researched the matter, and ma[d]e a determination as to whether or not to file an appeal," but that his attorney never informed him as to whether or not an appeal would be filed. (See Declaration of Kareem Matthews the Petitioner in this Habeas Corpus Proceeding ["Declaration."] at 1-2.) Matthews also asserts that "[m]y Attorney should have filed an appeal, as I had instructed him of my wishes to do so." (Id. at 2.)

The Government argues that Matthews' § 2255 motion is time-barred because it was filed more than one year after his conviction became final, but Matthews has filed a Traverse asserting that, until January 2005, he was "under the impression that trial counsel had filed an appeal." (See Petitioner's Motion in Traverse to Government's Response to Post Conviction Motion ["Traverse"] at 1.)

## Analysis

I. Timeliness

The threshold issue is whether Matthews's motion was filed within the one-year statute of limitations prescribed by § 2255. That section provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
>
> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255, ¶ 6 (as amended by the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996)).

Since Matthews's conviction became final on April 28, 2003, and he did not file his motion until February 10, 2005, more than one year and nine months later, his motion is time-barred unless under § 2255, ¶ 6(3) or 6(4) the period of limitations does not begin running until sometime after February 10, 2004.

Matthews' Sixth Amendment claim contesting his four-level adjustment, apparently, is based on United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), which was not decided until January 12, 2005. However, ¶ 6(3) does not make this claim timely because Booker does not apply retroactively to convictions that were final or pending on collateral review when the case was decided. See Cirilo-Munoz v. United States, 404 F.3d 527, 532-33 (1st Cir. 2005); United States v. Fraser, 407 F.3d 9, 11 (1st Cir. 2005).

Nor does ¶ 6((4) make Matthews' ineffective assistance claim

timely. Between July 30, 2003, and January 31, 2005, Matthews wrote several letters to the Court seeking to have time served on his state sentence credited toward his federal sentence, thereby indicating an awareness that no appeal had been taken. Moreover, even if one credits Matthews' assertion that it was not until January, 2005 that he learned that no appeal had been taken, the delay in learning that clearly is attributable to Matthews' failure to exercise due diligence. Matthews does not claim that his attorney ever told him that an appeal had been taken. His affidavit alleges only that he expressed a wish to appeal and was told by his attorney to wait until the attorney researched the matter in order to determine "whether or not to file an appeal." Matthews' failure to inquire further and/or to otherwise seek to determine whether an appeal had been taken demonstrates a lack of due diligence on his part.

## Conclusion

For all of the foregoing reasons, Matthews's §2255 motion is DENIED and DISMISSED.

IT IS SO ORDERED,

Ernest C. Torres
Senior United States District Judge
Date: May 27, 2008